IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JERMAINE ANDRA WHITAKER | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 121-092 |
| | ) | |
| TIMOTHY C. WARD, Commissioner, | ) | |
| Georgia Department of Corrections, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner brings the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is currently before the Court on Respondent's motion to dismiss the petition as untimely, (doc. no. 6.), which Petitioner opposes, (doc. no. 12). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, this petition be **DISMISSED** as untimely, and a final judgment be **ENTERED** in favor of Respondent.

**I.     BACKGROUND**

A jury sitting in the Superior Court of Richmond County, Georgia, convicted Petitioner of rape, aggravated child molestation, and child molestation. (See doc. no. 1, p. 1.) Petitioner was sentenced on March 3, 2011, to life imprisonment and twenty years. (Id.) The Georgia Court of Appeals affirmed the conviction on October 26, 2016. (Doc. no. 1, Whitaker v. State, No. A16A1085 (Ga. App. Oct. 26, 2016).)

Petitioner filed his state habeas corpus petition on October 26, 2017, and amended it on January 27, 2018.[1]  (Doc. nos. 7-3, 7-4.)  The state habeas court denied relief in an order dated July 31, 2020.  (Doc. no. 7-5.)  The Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal ("CPC") on February 1, 2021, and issued its remittitur on March 4, 2021.  (Doc. nos. 7-6, 7-7.)  Petitioner executed his federal habeas corpus petition on May 25, 2021, and the Clerk of Court filed it on June 1, 2021.  (Doc. no. 1, pp. 1, 32.)

Respondent argues the petition should be dismissed as time-barred under 28 U.S.C. § 2244(d).  (See doc. no. 6.)  In his response, the only date Petitioner contests is the day his state petition was filed, arguing the filing date should be October 20, 2017, the day Petitioner placed the petition in the mail.  (See doc. no. 12.)

## II.   DISCUSSION

### A.   The Petition Should Be Dismissed as Time-Barred

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d), there is a one-year statute of limitations for § 2254 petitions that runs from the latest of:

> (1)(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] Petitioner dated his original state habeas petition October 19, 2017 and placed it in the mail on October 20, 2017, (doc. no. 7-3, p. 7; doc. no. 12, p. 1.), but in Georgia, the mailbox rule does not apply to the original filing of *pro se* state habeas petitions.  See Roberts v. Cooper, 691 S.E.2d 875, 877-78 (Ga. 2010).  Thus, state habeas petitions are filed on the date the clerk receives it, not the date a petitioner signs it.

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) (explaining judgment for petitioners who do not seek certiorari from United States Supreme Court "becomes final at the 'expiration of the time for seeking such review' - when the time for pursuing direct review in this Court, or in state court, expires."); Stubbs v. Hall, 840 S.E.2d 407, 412 (Ga. 2020) (interpreting Georgia habeas corpus law in accordance with Gonzalez, *supra*, to conclude judgment of conviction is final when Supreme Court affirms conviction on merits or denies certiorari, "or when the time for pursuing the next step in the direct appellate review process expires without that step having been taken").

Accordingly, for a Georgia defendant who has his or her conviction affirmed on direct appeal by the Court of Appeals but does not petition for certiorari to the Georgia Supreme Court, the conviction becomes final when the twenty days to petition for certiorari expires without filing such a petition. Stubbs, 840 S.E.2d at 413 (citing Ga. Sup. Ct. R. 38(2)). This is so because the United States Supreme Court does not allow filing for a writ of certiorari unless a judgment "has been entered by a state court of last resort." Id. (citing U.S. Sup. Ct. R. 13.1). Petitioner did not seek a writ of certiorari from Georgia's Supreme Court and was ineligible to appeal to the United States Supreme Court, so his conviction became final on

November 15, 2016, twenty days after the Georgia Court of Appeals issued its ruling on October 26, 2016. See id. at 414-15.

Petitioner had one year from the date his conviction became final, November 15, 2016, to file his federal habeas corpus petition or take other action to toll the one-year limitations period. Pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction or other collateral review is pending in state court. Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006). When Petitioner filed his state habeas corpus petition on October 26, 2017, twenty days remained on his AEDPA one-year statute of limitation. That one-year clock was tolled throughout the state habeas corpus proceedings, including the time during which Petitioner sought a CPC from the Georgia Supreme Court and until issuance of the Georgia Supreme Court's remittitur on March 4, 2021. See Dolphy v. Warden, Cent. State Prison, 823 F.3d 1342, 1345 (11th Cir. 2016) (*per curiam*) ("[W]hen a state habeas petitioner seeks a certificate of probable cause from the Georgia Supreme Court and the Court denies the request, the petitioner's case becomes complete when the Court issues the remittitur for the denial." (citations omitted)).

Petitioner argues that the one-year clock remained tolled for an additional ninety days during which Petitioner could have filed a writ of certiorari with the United States Supreme Court to review the Georgia Supreme Court's denial of a CPC. (Doc. no. 12, p. 3.) However, the Eleventh Circuit has held, "the time during which a petition for writ of certiorari is pending [before the United States Supreme Court], or could have been filed, following the denial of collateral relief in the state courts, is not to be subtracted from the running of time for 28 U.S.C. § 2244(d)(1) statute of limitations purposes." Coates v. Byrd, 211 F.3d 1225, 1227 (11th Cir. 2000)(*per curiam*); see also Lawrence v. Florida, 549 U.S. 327, 337 (2007). The tolling period

4

did not extend beyond March 4, 2021, when the Georgia Supreme Court issued the remittitur. By that time, 345 days of Petitioner's one-year statute of limitations had elapsed. Petitioner then waited eighty-two days until filing his federal habeas corpus petition on May 25, 2021, the date on which Petitioner declared under penalty of perjury he executed the federal petition and placed it in the prison mailing system. (Doc. no. 1, p. 32.) Under the "prison mailbox rule," Petitioner's *pro se* filing is deemed filed on the date of delivery to prison officials for mailing. Houston v. Lack, 487 U.S. 266, 275-76 (1988); Daniels v. United States, 809 F.3d 588, 589 (11th Cir. 2015) (*per curiam*). The petition was filed sixty-two days after expiration of the one-year statute of limitation, so Petitioner's current federal challenge is time-barred and should be dismissed.

> B. **The Limitations Period Was Not Otherwise Reset under AEDPA, and Petitioner Has Not Shown that He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred**

Petitioner has not provided any explanation that would delay or reset his one-year statute of limitations under any statutory sections of AEDPA set forth above. Nevertheless, an otherwise untimely § 2254 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d

5

1219, 1226 (11th Cir. 2003).  The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both.  See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 569 U.S. 383, 392 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000).  The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted).  As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category:  cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].' " McQuiggin, 569 U.S. at 395 (emphasis added).

Here, Petitioner has not shown he satisfies the test for application of equitable tolling or that a miscarriage of justice will occur if his claims are not considered.  Petitioner claims the COVID-19 pandemic, the subsequent lockdown, and his own illness amount to extraordinary circumstances.  However, Petitioner fails to explain what, if anything, prevented

6

him from filing his state habeas petition until October 2017, eleven months after his sentence became final in November 2016 and years before the COVID-19 pandemic. Regardless, delays due to COVID-19 are not extraordinary circumstances for the purposes of equitable tolling. See Rush v. Sec'y, Fla. Dep't of Corr., No. 21-10218-C, 2021 WL 3134763, at *1 (11th Cir. June 22, 2021) (petitioner could not show extraordinary circumstances due to COVID-19 as "all [prisoners] were subject to COVID-19 protocols"); see also Hess v. Sec'y, Dept. of Corr., No. 16-14118-E, 2017 WL 6607169, at *3 (11th Cir. Oct. 18, 2017) (recounting precedent finding no extraordinary circumstances result from lockdowns or separation from legal papers).

Turning to diligence, petitioner offers no details on any efforts he made to ensure he could timely file his § 2254 motion, let alone provide sufficient information to satisfy his burden to show due diligence in pursuing his rights. He left the section on his petition concerning reasons for untimeliness blank, and, in his response, Petitioner simply concludes he "pursued his rights diligently." (Doc. no. 1, pp. 30-31, doc. no. 12, p. 4.) Vague or conclusory allegations are insufficient to satisfy Petitioner's burden to show how he acted with diligence. Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1209-10 (11th Cir. 2014). In reality, by waiting over eleven months before taking an action that would toll the statute of limitations, Petitioner left himself only twenty days to file a potential federal petition. He has not shown diligence. See United States v. Cruz, CV No. 15-CR-260(13)-PAM-TNL, 2020 WL 5995260, at *2 (D. Minn. Oct. 9, 2020) (denying petitioner equitable tolling where petitioner failed to show efforts made to diligently pursue his rights before the Covid-19 pandemic began); United States v. Barnes, 20-CV-0284-CVE-FHM, 2020 WL 4550389, at *2 (N.D. Okla. Aug. 6, 2020) (same).

Further, Petitioner has not presented any evidence much less new, reliable evidence to show that he did not commit the offense of which he was convicted such that no reasonable juror would have found him guilty beyond a reasonable doubt. Indeed, he never claims he did not commit the offense of which he was convicted. Rather, his stated grounds for relief focus on alleged legal errors committed by the trial court and counsel. There is no mention of new evidence. In sum, Petitioner has presented no *evidence* to support, let alone satisfy, the high burden that no reasonable fact finder could have found him guilty of the offense for which he was convicted. See Ray v. Mitchem, 272 F. App'x 807, 810-11 (11th Cir. 2008) (*per curiam*) (emphasizing "actual innocence means factual innocence, not mere legal insufficiency" (citing Bousely v. United States, 523 U.S. 614, 623 (1998)).

Because Petitioner has not shown he had been pursuing his rights diligently, and some extraordinary circumstance stood in his way to prevent him from timely filing his federal habeas corpus petition or that a miscarriage of justice will occur if the untimely claims are dismissed, neither equitable tolling nor the fundamental miscarriage of justice exception saves the untimely petition from dismissal.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 6), this petition be **DISMISSED** as untimely, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 20th day of October, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA