IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

JERMAINE ANDRA WHITAKER          )
                                 )
            Petitioner,          )
                                 )
    v.                           )          CV 121-092
                                 )
TIMOTHY C. WARD, Commissioner,   )
Georgia Department of Corrections, )
                                 )
            Respondent.          )

---

**ORDER**

---

After a careful, *de novo* review of the file, the Court concurs with the Magistrate

Judge's Report and Recommendation ("R&R"), to which objections have been filed, (doc. no.

13). The Magistrate Judge recommended granting Respondent's motion to dismiss the habeas

corpus petition as untimely. Nothing in Petitioner's objections convinces the Court that

dismissal is improper but several new arguments advanced in the objections deserve attention.

Petitioner argues three grounds of his petition are compelling enough to satisfy the

actual innocence exception for time-barred claims. (Doc. no. 15, pp. 1-4.) An untimely

petition may yet be considered if Petitioner "(1) [presents] 'new reliable evidence . . . that was

not presented at trial,' and (2) [shows] 'that it is more likely than not that no reasonable juror

would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence."

Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations

omitted). However, the actual innocence standard is demanding and will be successful in only

an extraordinary case.  House v. Bell, 547 U.S. 518, 538 (2006).  As the Supreme Court has cautioned, "'[T]enable actual-innocence gateway pleas are rare,'" McQuiggin v. Perkins, 569 U.S. 383, 386 (2013), and, "in virtually every case, the allegation of actual innocence has been summarily rejected." Calderon v. Thompson, 523 U.S. 538, 559 (1998).

Petitioner attaches to his objections as Exhibit 1 the first two pages of a psychosexual evaluation report showing one of Petitioner's victims made sexual advances towards her foster parent in 1999.  (Doc. no. 15, pp. 8-9, ("Exhibit 1").)  Petitioner argues testimony at trial and this report support a finding he is actually innocent of the charges related to that victim.  (Doc. no. 15, p. 2.)  Though Petitioner claims the prosecution withheld the report, this cannot be true because Petitioner states in Ground Eight of his petition the report was found to be "admissible on the child molestation counts, not the rape and aggravated child molestation counts." (Doc. no. 1, p. 18.)

Petitioner attaches as Exhibit 2 an investigative report, written in 2002 by Investigator Lee D. Woods, stating one victim appeared inconsistent and coached in her interview, leading Investigator Woods to doubt her allegations and conclude the case against Petitioner required no further investigation.  (Doc. no. 15, p. 10, ("Exhibit 2").)  Petitioner's counsel did not call Investigator Woods to testify at trial, and that decision is the basis of Ground Nine of the petition.  (Doc. no. 1, p. 20.)

Petitioner submits as Exhibit 3 an affidavit by trial witness Philanna Peterson, dated February 5, 2018, claiming a member of the jury was her daughter's former math teacher.  (Doc. no. 15, p. 12, ("Exhibit 3").)  At the time of trial, Peterson alerted the both the Assistant District Attorney and defense counsel of her past relationship with the juror, but the Court did not remove the juror and denied Petitioner's motion for a mistrial.  (Doc. no. 15, p. 3.)

2

Counsel's performance during voir dire leading up to this denial form the basis of Ground Eleven of the petition. (Id. at 23.)

These three exhibits are neither new nor sufficiently compelling to satisfy the demanding "actual innocence" standard. Evidence is only "new evidence" if it was unavailable at trial and could not have been discovered earlier through the exercise of due diligence. Rivera v. Humphrey, CV 113-161, 2017 WL 6035017, at *11 (S.D. Ga. Dec. 6, 2017); see also Martin v. Stewart, No. 219-CV-214-MHH-JHE, 2019 WL 8051701, at *3 (N.D. Ala. Nov. 8, 2019) (new evidence must have been unavailable at trial), adopted by, 2020 WL 64699 (N.D. Ala. Jan. 7, 2020). Petitioner has not established these exhibits and the information contained within them were unavailable to him at trial. Even assuming they were unavailable, he has not alleged facts showing these documents and the information contained within them could not have been discovered through the exercise of due diligence. More importantly, these exhibits are not compelling enough to support a finding no reasonable juror would have found Petitioner guilty beyond a reasonable doubt in light of them, either individually or collectively. Therefore, Petition is not eligible for the actual innocence gateway exception to his time-barred claims.

Finally, Petitioner argues he is entitled to equitable tolling because he had no access to the prison law library due to the pandemic and he did not understand AEDPA's statute of limitations. (Doc. no. 15, pp. 4-5.) As explained in the R&R, Petitioner failed to show "that he has been pursuing his rights diligently, and [] that some extraordinary circumstance stood in his way." (Doc. no. 13, pp. 6-8); Holland v. Florida, 560 U.S. 631, 649 (2010). While Petitioner attempts to distinguish the cases cited in the R&R because he was denied access to the law library rather than legal papers, the law makes no distinction. See, e.g., Akins v. United

3

States, 204 F.3d 1086, 1089 (11th Cir. 2000) (holding lack of access to law library or legal papers did not justify equitable tolling). With respect to Petitioner's claimed ignorance of the AEDPA deadline, ignorance about the law is not a basis for equitable tolling under AEDPA. Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013).

For the reasons set forth above, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **GRANTS** Respondent's motion to dismiss, (doc. no. 6), and **DISMISSES** as untimely the instant petition brought pursuant to 28 U.S.C. § 2254.

A prisoner seeking relief under § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

---

[1] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.

Upon the foregoing, the Court **CLOSES** this civil action and **DIRECTS** the Clerk to enter final judgment in favor of Respondent.

SO ORDERED this ___2nd___ day of December, 2021, at Augusta, Georgia.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA